**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANDREW M. SMITH,

                            Plaintiff,                    No. 9:17-CV-1090
                                                          (BKS/CFH)
                    v.

DR. RUSSELL FRICKE,

                            Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

Andrew M. Smith
406 Second Street
First Floor
Troy, New York 12180
Plaintiff pro se

Thuillez, Ford Law Firm                           MOLLY C. CASEY, ESQ.
20 Corporate Woods Boulevard
3rd Floor
Albany, New York 12211-1715
Attorney for defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Andrew M. Smith ("plaintiff"), a former inmate, brings this action

pursuant to 42 U.S.C. § 1983, alleging that defendant Dr. Russell Fricke – who, at all

relevant times, was employed at Rensselaer County Jail – violated his constitutional rights

under the Eighth Amendment and/or Fourteenth Amendments.  Dkt. No. 4 ("Am. Compl.").

_____

        [1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to
28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Presently pending before the Court is defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 16. Plaintiff filed a response in opposition to the motion, and defendant filed a reply. Dkt. Nos. 20, 22. Plaintiff also filed a supplemental response. Dkt. No. 24.[2] For the following reasons, it is recommended that defendant's motion be granted.

## I. Background

The facts are related herein in the light most favorable to plaintiff as the nonmoving party. See subsection II infra. Plaintiff alleges that "[t]he good doctor was given a suggestion to follow up as [sic] at time P.S.A. was 33.2 [which is a] sure sign of something being drastically wrong when normal is 3.5 to 4.0." Am. Compl. at 4. On his arrival at the Rensselaer County Jail, plaintiff told a corrections officer that an unknown individual at Samaritan Hospital informed him that he had prostate cancer. Id. Dr. Fricke asked plaintiff who told him that he "had the education to make a self diagnosis." Id. Plaintiff contends that Dr. Fricke "chooses who or how he will care for someone[.]" Id.

## II. Discussion[3]

Defendant argues that (1) plaintiff has failed to state facts sufficient to support entitlement to relief; (2) plaintiff has failed to state facts sufficient to support as claim that

---

[2] On June 12, 2018, defendant filed a letter motion objecting to plaintiff's supplemental response. See Dkt. No. 26.

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

Dr. Fricke violated his constitutional rights; (3) the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims; (4) alternatively, the allegations asserted in Smith v. Fricke, No. 9:17-CV-244, place the same medical treatment at issue, and the two cases must be consolidated; and (5) plaintiff is not entitled to punitive damages. See Dkt. No. 16-1 ("Def. Mem. of Law").

## A. Legal Standard

Under Rule 12 (b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v.

3

<u>Ashcroft</u>, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (internal citations omitted).  Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.

Where, as here, a party seeks judgment against a <u>pro</u> <u>se</u> litigant, a court must afford the non-movant special solicitude.  <u>See</u> <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a *pro se* litigant is entitled to special solicitude, that a *pro se* litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by *pro se* litigants, and that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

<u>Id.</u> (internal quotation marks, citations, and footnote omitted); <u>see</u> <u>also</u> <u>Sealed Plaintiff</u>, 537 F.3d at 191-92 ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.") (internal citations omitted).

## B. Claim for Inadequate Medical Care

Plaintiff seems to suggest that his prostate cancer worsened significantly as a result

of Dr. Fricke's failure to provide adequate medical care.  See generally Am. Compl.  As a threshold matter, the record is unclear as to whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged constitutional violation.   In his amended complaint, plaintiff denotes that he was a "[c]ivilly committed detainee" at the time of the alleged wrongdoing.  Am. Compl. at 2.  However, defendant argues that plaintiff was a convicted inmate as plaintiff's initial complaint states that he was "incarcerated for a parole violation and had had a hearing on same (on 12/9/2015 . . .), which reinstitutes the earlier conviction."  Def. Mem. of Law at 12 n.1.  Although the undersigned acknowledges that the Second Circuit's decision in Darnell v. Pineiro imposed a higher standard of proof for the subjective component for a pretrial detainee's deliberate indifference claim, the undersigned finds such change immaterial as plaintiff here fails to plausibly allege that he suffered from a sufficiently serious condition.  See Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) ("[T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."); Lloyd v. City of New York, 246 F. Supp. 3d 704, 718 (S.D.N.Y. Mar. 31, 2017) ("After Darnell, 'deliberate indifference' is now 'defined objectively,' and the 'Due Process Clause can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm.'") (quoting Darnell, 849 F.3d at 35).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment."

U.S. CONST. amend. VIII. This prohibition extends to the provision of medical care. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The test for a § 1983 claim is twofold. First, the plaintiff must show that the condition to which he was exposed was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Deprivation of medical treatment is "sufficiently serious" if the injury or illness is one where there is "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway, 37 F.3d at 66 (internal citation omitted). "Determining whether a deprivation is an objectively serious deprivation entails two inquiries." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006)). First, the Court must determine "whether the prisoner was actually deprived of adequate medical care." Kucharczyk v. Westchester Cnty., 95 F. Supp. 3d 529, 537 (S.D.N.Y. 2015) (citation and internal quotation marks omitted). "Prison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is reasonable." Jones v. Westchester Cnty.

Dep't of Corrs., 557 F. Supp. 2d 408, 413 (S.D.N.Y. 2008).  However, a prison official may be held liable "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 847 (1994).  Second, the Court must determine "whether the inadequacy in medical care is sufficiently serious.  This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or likely will cause the prisoner."  Id.

To state a claim of deliberate indifference, the prisoner is required "to prove that the prison official knew of and disregarded the prisoner's serious medical needs."  Chance, 143 F.3d at 702.  Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate.  Chance, 143 F.3d at 703.  Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim."  Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

The undersigned finds that plaintiff has failed to allege a facially plausible claim that Dr. Fricke acted with deliberate indifference to plaintiff's serious medical needs.  Since there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition

7

significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)).  Plaintiff's amended complaint states that he "personally begged for help and all [he] got was [a] cover up.  In the end[,] the result[ ] was chemical castration Gleason T23 Stage 4 + 5 Prostate Cancer[.]" Am. Compl. at 4.  Plaintiff contends that    (1) "my claim remains the same, I needed help from this person and now I fight for my life at another level"; and (2) "he was well aware that I had major health issues and chose[ ] to stall and cover up his neglect." Id. at 5.

Based on the facts set forth in the amended complaint, the undersigned is unable to determine whether plaintiff was actually deprived of adequate medical care.  See Kucharczyk, 95 F. Supp. 3d at 537.  Plaintiff does not allege what medical treatment he requested, whether Dr. Fricke refused to provide that treatment, or how his prostate condition otherwise deteriorated in Dr. Fricke's care.  Further, the amended complaint is unclear as to the identity of "[t]he good doctor," and under what circumstances he or she should have "follow[ed] up" concerning plaintiff's elevated P.S.A. levels.  See Am. Compl. at 4.  Plaintiff's conclusory allegations that Dr. Fricke was "well aware" of plaintiff's "major health issues and chose[ ] to stall and cover his neglect up" do not suffice to state a claim for inadequate medical care.  See Flemming v. Smith, No. 9:11-CV-00804 (NAM/TWD), 2014 WL 3698004, at *6 (N.D.N.Y. July 24, 2014) (citing cases for the proposition that "[c]onclusory allegations that medical staff defendants were aware of a plaintiff's medical needs and failed to provide adequate care are generally insufficient to state an Eighth Amendment claim of inadequate medical care.").  Thus, the undersigned cannot determine

8

whether Dr. Fricke's treatment or care was inadequate and what harm, if any, plaintiff suffered because of that treatment or care. See Farmer, 511 U.S. at 847 (1994). Moreover, even assuming that plaintiff established that Dr. Fricke deprived him of adequate medical care, there is no indication that Dr. Fricke knew of and disregarded plaintiff's serious medical need, or recklessly failed to act with reasonable care to mitigate plaintiff's condition. See Chance, 143 F.3d at 702; Darnell, 849 F.3d at 35. As plaintiff fails to plausibly state his deliberate indifference claim, it is recommended that defendants' Motion to Dismiss be granted. It is further recommended that the Court decline to exercise supplemental jurisdiction in light of the dismissal of plaintiff's federal claims. See Johnson v. Gonzalez, No. 9:14-CV-0745 (LEK/CFH), 2015 WL 1179384, at *2 (N.D.N.Y. Mar. 13, 2015) (declining to exercise supplemental jurisdiction after the dismissal of the plaintiff's federal claims) (citing 28 U.S.C. § 1367(c)(3)).[4]

## C. Consolidation

In the alternative to dismissal on the merits, defendant requests that the pending action be consolidated with Smith v. Fricke, No. 9:17-CV-244. Def. Mem. of Law at 15. A Court can consolidate cases under Fed. R. Civ. P. 42(a) "'[w]hen actions involving a common question of law or fact are pending before the court.'" FED. R. CIV. P. 42(a). Plaintiff's cases both name Dr. Fricke as the sole defendant, and center on alleged

---

[4] Plaintiff is not entitled to punitive damages. See Gaston v. Coughlin, 81 F. Supp. 2d 381, 392-93 (N.D.N.Y. 1999) (finding that to warrant punitive damages, the plaintiff must show "by a fair preponderance of the credible evidence that the Defendants were 'motivated by evil motive or intent,' or acted with 'reckless or callous indifference to the federally protected rights of others.'") (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).

deprivations of medical care at Rensselaer County Jail, primarily regarding his prostate cancer treatment.  See Am. Compl.; Dkt. No. 1.  Thus, in the interest of judicial economy, if the Court declines to adopt the undersigned's recommendation for dismissal, these two actions should be consolidated.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby:

**RECOMMENDED**, that defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 16) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 4) be **DISMISSED** in its entirety, without prejudice; and it is further

**RECOMMENDED**, that, should the District Judge decline to grant defendant's Motion to Dismiss, the District Judge consolidate this action with Smith v. Fricke, No. 9:17-CV-244; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892

10

F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72.[5]

Dated: June 15, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

11